## ARBUTHNOT v. YERGER et al.
### Civ. A. No. 2225.

District Court, W. D. Louisiana, Monroe Division.

Feb. 13, 1948.

Foster, Hall & Smith, Marion K. Smith and Marlin Risinger, Jr., all of Shreveport, La., for plaintiff.

Murray Hudson, of Monroe, La., and Henry Sevier, of Tallulah, La., for defendant.

DAWKINS, District Judge.

Plaintiff, alleging herself to be an individual heir of the estate of Friend L. Maxwell, sues Maxwell Yerger, as administrator of the succession of George S. Yerger, Sr., appointed by the probate court for Madison Parish, Louisiana, and as liquidator of the community of acquets and gains formerly existing between George S. Yerger, Sr. and Mrs. Edna Pearl Maxwell Yerger, surviving widow of George S. Yerger, Sr., deceased, Maxwell Yerger, George S. Yerger, Jr., Andrew L. Yerger, Edna Maxwell Yerger, William Yerger and Rufus T. Yerger, heirs of said George S. Yerger, Sr., seeking an accounting for the administration, management and control of the estate of Friend L. Maxwell, and the two corporations, Maxwell Planting Co., Inc. and Maxwell Plantations, Inc., and for "judgment * * * for such sums as may be found due to petitioner upon submission of the account in accordance with the allegations hereof".

Further, that the Court decree "the invalidity and unenforceability * * * of indebtedness asserted by George S. Yerger, Sr., against Maxwell Planting Co., Inc., in liquidation, in the amount of $165,580" or "any part thereof", as founded in fraud, etc.

Defendants have moved to dismiss the complaint on the grounds (1) that the Court lacks jurisdiction, "in that indispensable parties, to-wit: Miss Alma Maxwell, Mrs. Dorothy Woodyear and Mrs. Flora M. Potts, all residents and citizens of the State of Louisiana, and living within the Western District of Louisiana, should be made parties plaintiff to this controversy, as shown by affidavit of the attorney at law who represented the succession of Friend L. Maxwell and the tutorship of the minors, Routh, Dorothy and Alma Maxwell, attached to the motion. There is also attached to the motion a copy of the will of Friend L. Maxwell showing the nature and disposition of properties owned by him; (2) "because the complaint fails to state a claim against defendants upon which relief can be granted."

On the same date, September 5, 1947, defendants filed a motion to take the depositions of two witnesses, because of their advanced ages, for which authority was granted.

In the last mentioned motion defendant also alleged as follows: "Movers show that they have filed herein a motion to dismiss on the ground of jurisdiction for failure to join indispensable parties and for a contrivance between sisters for the purpose of founding jurisdiction which otherwise would not exist and that it is necessary to take the testimony of E. C. Woodyear, Dorothy Maxwell Woodyear, his wife, Miss Alma Maxwell, Miss Agnes Dickson, all residents of Madison Parish, Louisiana, and Paul Arbuthnot and his wife, Routh Maxwell Arbuthnot, residents of Canton, Mississippi, to enable your movers to prove the knowledge, laches and estoppel applicable to this plaintiff, as well as the connivance between said parties so as vest this Honorable Court with jurisdiction."

They prayed for the taking of the last mentioned depositions "before trial" for the purpose of establishing want of jurisdiction in this court. Answer has not been filed, and of course, it is contended by plaintiff that defendants are without right

to take said depositions until the case has been put at issue. On the other hand, defendants assert that it is within the discretion of the court to permit the taking of depositions of the parties named, and because of the unusual circumstances it should be permitted to enable them to establish the want of jurisdiction alleged, due to the omission of indispensable parties plaintiff, who, if brought in as such, would deprive this court of jurisdiction because there would then not be the diversity of citizenship, which is the only ground upon which the right to sue in this court is based.

If it be true that indispensable parties plaintiff should be brought in, and this would oust jurisdiction, in view of the apparent magnitude and scope of the litigation, as indicated by the allegations, it would seem proper to have this fact developed in advance to avoid the extended dispute and court expenses, which would otherwise be incurred unnecessarily after issue joined.

It is the view of this court that the situation, as thus presented, justifies granting of authority to take said depositions as prayed for.

Proper decree should be presented.